**Wilda RIOS, Plaintiff–Appellant,**

v.

**DEPARTMENT OF EDUCATION, Defendant–Appellee.**

No. 08–1262–cv.

United States Court of Appeals, Second Circuit.

Nov. 2, 2009.

Wilda Rios, pro se, Brooklyn, NY.

Michael A. Cardozo, Corporation Counsel of the City of New York (Assistant Corporation Counsel Stephen J. McGrath and Ellen Ravitch), New York, NY, for Defendant–Appellee.

PRESENT: WALKER, GUIDO CALABRESI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Wilda Rios, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Ross, *J.*), granting summary judgment in favor of the defendant and dismissing Appellant's complaint brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.* ("ADA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo,* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

Claims alleging discriminatory discharge under the ADA are analyzed under the burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Hey-*

man v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc., 198 F.3d 68, 72 (2d Cir.1999). Accordingly, if a plaintiff alleges a prima facie case of discrimination and the employer demonstrates a legitimate, non-retaliatory reason for the challenged employment decision, the plaintiff must present evidence sufficient to permit a rational jury to conclude that the employer's explanation is merely a pretext for impermissible discrimination. Id. To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) her employer is subject to the ADA; (2) she is disabled within the meaning of the ADA; (3) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir.2004).

■ Here, the district court properly found that Appellant could not establish a prima facie case of discrimination as she was unable to demonstrate that she was "otherwise qualified" within the meaning of the ADA because she could not perform the "essential function" of regularly showing up to work. See Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 120–21 (2d Cir.2004) (distinguishing between an employee's fundamental duties and those that are merely marginal). The evidence demonstrates that Appellant repeatedly failed to show up to work on time or at all for a variety of reasons, many of which were unrelated to her claimed disability. The Department of Education's ("DOE") Rules and Regulations, as well as the measures DOE took to rectify Appellant's excessive absences, including disciplinary charges and suspension, indicate that DOE considered attendance and punctuality to be "essential functions" of the job. See 42 U.S.C. § 12111(8).

The McDonnell Douglas burden shifting analysis also applies to retaliation claims brought pursuant to the ADA. See Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir.2002). To establish a prima facie case of retaliation under the ADA, a plaintiff is required to show by a preponderance of the evidence that: (1) she participated in a protected activity under the ADA; (2) the defendant knew of the protected activity; (3) the plaintiff experienced an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. Id.

■ Here, the district court properly found that Appellant had failed to state a prima facie retaliation claim with respect to her disciplinary charges and suspension as both occurred prior to her City Commission on Human Rights ("CCHR") complaints. Furthermore, even assuming that the proximity in time between Appellant's filing of a complaint before the CCHR and her suspension satisfies her prima facie case of retaliation, she does not provide any evidence that DOE's explanation that it suspended and ultimately terminated Appellant on account of her absenteeism and tardiness was pretextual.

We have considered all of Appellant's remaining arguments on appeal and find them to be without merit, substantially for the reasons stated by the district court.

Accordingly, the judgment of the district court is **AFFIRMED**.